IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FAYE NORED and CYNDI SHAFER,   )
           )
    Plaintiffs,         )
           )
VS.             )     No. 98-1357
           )
WEAKLEY COUNTY EMERGENCY   )
COMMUNICATIONS DISTRICT,   )
           )
    Defendant.        )

---

ORDER GRANTING THE STATE OF TENNESSEE'S MOTION FOR
PERMISSION TO MAKE A LIMITED APPEARANCE TO OPPOSE
THE UNITED STATES' MOTION TO INTERVENE
AND
GRANTING THE UNITED STATES' MOTION TO INTERVENE

---

The United States has moved the court for permission to intervene in this action

pursuant to Rule 24 of the Federal Rules of Civil Procedure. Plaintiffs do not object to the

motion. However, the State of Tennessee ("State") has moved for permission to make a

limited appearance for the purpose of opposing the motion to intervene. For the reasons set

forth below, the State's motion to make a limited appearance is GRANTED, and the United

States' motion to intervene is GRANTED.

Plaintiffs, former employees of Defendant, filed this action pursuant to the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Plaintiffs allege that Defendant

violated the ADA by terminating their employment in reliance on T.C.A. § 7-86-201, which

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___01|03|00___

requires, in part, that all 911 emergency dispatchers "be free of all apparent mental disorders as described in the most recent edition of the [DSM-IV]."  Plaintiffs also allege that the statute is void.  The State Attorney General has filed a notice of intent not to defend the constitutionality of the statute.  See Notice of Intent, 9/1/99.

The United States has moved to intervene in the action to add Weakley County and the State as defendants and to challenge several other state statutes, specifically T.C.A. § 8-8-102, T.C.A. § 37-5-117, T.C.A. § 41-1-116, and T.C.A. § 38-8-106.  The State does not oppose the United States' intervention in the action as filed by the original Plaintiffs. However, the State contends that the United States should not be permitted to name it as a defendant or to challenge the four statutes cited above.

Federal Rule of Civil Procedure 24 provides as follows:

(a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action:  (1) when a statute of the United States confers an unconditional right to intervene;  or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention.  Upon timely application anyone may be permitted to intervene in an action:  (1) when a statute of the United States confers a conditional right to intervene;  or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.  When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the

2

adjudication of the rights of the original parties.

Rule 24(a) has four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court. <u>Cuyahoga Valley Ry. Co. v. Tracy</u>, 6 F.3d 389, 395 (6th Cir.1993).

The State does not dispute that the United States has established the four elements cited above. However, the State has raised various defenses as to why it is not a proper defendant. These defenses are better suited to be raised in the answer to the complaint or a motion to dismiss. The issue before the court is whether the United States has established the criteria for intervention. Because the United States has done so, the motion to intervene is GRANTED, and the clerk is directed to file the intervening complaint which is attached to the motion. The State's motion for permission to make a limited appearance for opposing the motion to intervene is also GRANTED.

IT IS SO ORDERED.

_James D. Todd_

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_12-29-99_

DATE

3