RECEIVED

02 AUG 29 AM 10:35

IN THE UNITED STATES DISTRICT COURT FILED BY _____ *U* ___D.C.
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION AT JACKSON    02 AUG 30 PM 1:42

Robert __. __ Trotto
CLERK, __ S. DIST. CT.
W  D  O  TN  JACKSON

**FAYE NORED and
CYNDI SHAFER,**
     **Plaintiffs,**

     **v.**

**WEAKLEY COUNTY EMERGENCY
COMMUNICATIONS DISTRICT,**
     **Defendant.**

**UNITED STATES OF AMERICA,**
     **Plaintiff-Intervenor,**

**v.**

**STATE OF TENNESSEE, WEAKLEY COUNTY,
and WEAKLEY COUNTY EMERGENCY
COMMUNCATIONS DISTRICT,**
     **Defendants.**

**CIVIL ACTION No. 1:98-1357
JUDGE JAMES D. TODD**


## FIRST SUPPLEMENTAL CONSENT ORDER AND FINAL JUDGMENT
## BETWEEN UNITED STATES OF AMERICA; FAYE NORED AND CYNDI SHAFER;
## WEAKLEY COUNTY EMERGENCY COMMUNICATIONS DISTRICT;
## AND WEAKLEY COUNTY


### Background

    A.    **Scope.** This First Supplemental Consent Order and Final Judgment (hereinafter,

"First Supplemental Consent Order") supplements the Consent Order and Final Judgment

("Consent Order") entered into by Plaintiff-Intervenor United States of America and Plaintiffs

Faye Nored and Cyndi Shafer (hereinafter and collectively, "Plaintiffs") and Defendants

Weakley County Emergency Communications District and Weakley County (hereinafter and

**This document entered on the docket sheet In compliance
with Rule 58 and/or 79 (a) FRCP on  09·03·02**

63

collectively, "Defendants"), which was approved by the Plaintiffs and Defendants (hereinafter and collectively, "Parties") and became effective when it was signed and entered by this Court on January 30, 2001.

B.     **Purpose.** The Plaintiffs' stipulation to the terms of the Consent Order, including the United States' release of the Defendants from liability, was specifically contingent upon the accuracy of the Defendants' representations with respect to the number of individuals they had subjected to Psychological Review and/or Adverse Employment Actions and the status of those individuals as pre-offer applicants for employment, post-offer applicants for employment, or current employees.  The Consent Order provides that in the event any of the representations contained therein are inaccurate, the Department of Justice (hereinafter, "the Department") shall have the right to assert claims on behalf of the United States and any additional individuals subjected to Psychological Review and/or Adverse Employment Actions.

Subsequent to the Effective Date of the Consent Order, and in compliance with Paragraph 5 of the Consent Order, Weakley County Emergency Communications District (hereinafter, "the Defendant") certified and filed a "Disclosure of Dispatchers Subjected to Psychological Review" (hereinafter, "Disclosure").[1]  That document contained certain information that conflicted with a representation made by the Defendant in the Consent Order. Specifically, where the representation made in the Consent Order indicated that the Defendant had not subjected any individuals to Psychological Review following a conditional offer of

---

[1] By the terms of the Consent Order, each Defendant was required to file certain information regarding the number and identity of these individuals within ten (10) business days of the Effective Date of the Consent Order, or by February 13, 2001.  Although some of the information contained in the Disclosure was provided to the Department by that date, the Disclosure itself was not certified and filed with the Court until March 15, 2001.  Weakley County has yet to comply with this requirement.

employment, the Disclosure indicated that there were, in fact, six (6) such individuals. In lieu of litigating the claims of the United States with respect to these individuals, the Department and Weakley County Emergency Communications District have agreed to settle these claims under the terms described below.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this First Supplemental Consent Order and Final Judgment, which provides as follows.

1.    **Representation by Defendant.**  Defendant Weakley County Emergency Communications District represents that during the time period between July 26, 1990 and January 30, 2001, the Effective Date of the Consent Order, it did not subject any applicants for employment to Psychological Review following a Conditional Offer of employment, with the sole exception of six (6) applicants for the position of dispatcher (hereinafter, "Additional 9-1-1 Dispatchers Subjected to Psychological Review").

The Parties agree that this representation supplants the representation made by the Weakley County Emergency Communications District in paragraph 2(A)(2)(a) of the Consent Order (regarding individuals subjected to Psychological Review following a Conditional Offer of employment), and does not alter any of the remaining representations made in paragraph 2 of the Consent Order (regarding individuals subjected to Psychological Review prior to a Conditional Offer of employment or during employment, or individuals subjected to Adverse Employment Actions.) The Parties also agree that no alteration whatsoever is hereby being made to the representations made by Defendant Weakley County in the Consent Order.

The Parties further agree that the United States' stipulation to the terms of this First Supplemental Consent Order is contingent upon the accuracy of the representation made in this paragraph as well as the representations made in the Consent Order, except as supplanted by

the representation above.  If any of these representations are inaccurate, and there are additional

individuals who, pursuant to the Statutory Provisions or on any other basis, have been subjected

to Psychological Review, the Department shall have the right to assert claims for relief on its

own and on their behalf.  Should the Department subsequently assert the claims described in this

paragraph, nothing contained in this First Supplemental Consent Order shall be considered or

construed as an admission or agreement on the part of the Defendant that any such act

constitutes a violation of any law.

      2.    **Payment.**  Within thirty (30) business days of the Effective Date of this First

Supplemental Consent Order, and after sending a copy to the Defendant, the Department will

send a written notice by certified mail, return receipt requested, to each of the Additional 9-1-1

Dispatchers Subjected to Psychological Review.   In exchange for a full and final release of any

legal claims against the Defendants relating to the Psychological Review, the Department will

offer Four Hundred Dollars and No Cents ($400.00) to each of these individuals ("First

Supplemental Offer").  This notice shall also explain the terms of the Consent Order and this

First Supplemental Consent Order.  If the First Supplemental Offer is accepted, the Department

will obtain a signed release from the individual and promptly notify the Defendant of the

acceptance of the Offer by forwarding a copy of the release.  Upon the Defendant's receipt of the

release, the Defendant shall within thirty (30) business days deliver to the Department a check in

that amount payable to the individual, which the Department will then forward to the individual.

If the First Supplemental Offer is not accepted, the Department will notify the Defendant that the

offer has been declined and that it has no further obligations to the Additional 9-1-1 Dispatchers

Subjected to Psychological Review under the terms of this First Supplemental Consent Order.

      3.    **Amendment to Paragraph 6 of the Consent Order.**  The first sentence of

Paragraph 6 of the Consent Order is amended to provide as follows: "Within thirty (30) business days of the Effective Date of the First Supplemental Consent Order, and after sending a copy to the Weakley County Emergency Communications District, the Department will send a written notice by certified mail, return receipt requested, to the Other 9-1-1 Dispatchers Subjected to Psychological Review."

4.     **Incorporation by reference.**  Except as amended by Paragraphs 1 and 3 of this First Supplemental Consent Order, all of the definitions and other terms of the Consent Order are hereby incorporated by reference and made a material part of this First Supplemental Consent Order, and the terms of this First Supplemental Consent Order are likewise incorporated by reference and made a material part of the Consent Order.  For this purpose, all of the Consent Order's references to itself (as "the Consent Order" or "this Consent Order") shall be construed to encompass both the Consent Order and this First Supplemental Consent Order, except those which refer to the Effective Date of the Consent Order.  Conversely, all of this First Supplemental Consent Order's references to itself shall be construed as limited to this First Supplemental Consent Order.

5.     **Supplemental release.**  In addition to the Release in Paragraph 16 of the Consent Order, and except as otherwise specified in this First Supplemental Consent Order, the Department hereby fully and finally releases Defendants from any and all liability arising from or relating to, and will take no further legal action against Defendants with respect to, any claims on behalf of the Additional 9-1-1 Dispatchers Subjected to Psychological Review.  This release is contingent upon the accuracy of the representations made in Paragraph 1 of this First Supplemental Consent Order.

6.     **Effective Date.**  This First Supplemental Consent Order is effective as of the date

it is entered by the Court ("Effective Date").

It is so ORDERED.

DATED this 30 th day of August , 2002.
BY THE COURT:

_James D. Todd_

U.S. District Judge James D. Todd

Page 6 of 7

APPROVED BY:

RALPH F. BOYD, JR.
Assistant Attorney General
Civil Rights Division
JOHN L. WODATCH
Chief
ALLISON NICHOL
Deputy Chief
PHILIP L. BREEN
Special Legal Counsel


AMANDA MAISELS
M. LUCIA BLACKSHER
Disability Rights Section
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530
(202) 305-8454

Attorneys for Plaintiff United States


JAMES I. PENTECOST
ANDREW V. SELLERS
Waldrop & Hall
P.O. Box 726
Jackson, TN 38302-0726

Attorneys for Weakley County and
Weakley County Emergency
Communications District


JUSTIN S. GILBERT
The Gilbert Firm
47-A Murray Guard Drive
P.O. Box 11357
Jackson, TN 38308
(731) 664-1340

Attorney for Private Plaintiffs


WILLIAM R. NEESE
Attorney at Law
103 N. Poplar Street
P.O. Box 528
Dresden, TN 38225

Attorney for Weakley County

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 63 in case 1:98-CV-01357 was distributed by fax, mail, or direct printing on September 3, 2002 to the parties listed.

---

Justin Gilbert
THE GILBERT FIRM
P.O. Box 11357
47-A Murray Guard Dr.
Jackson, TN 38308

John L. Wodatch
U.S. Department of Justice
Civil Rights Div/Dis
P.O. Box 66738
Washington, DC 20035

William J. Marett
STATE ATTORNEY GENERAL'S OFFICE
P.O. Box 20207
Nashville, TN 37202

M. Lucia Blacksher
U.S. DEPARTMENT OF JUSTICE
Disability Rights Se
950 Pennsylvania Ave., NW
Washington, DC 20530

Amanda Maisels
U.S. DEPARTMENT OF JUSTICE
Disability Rights Se
950 Pennsylvania Ave., NW
Washington, DC 20530

Honorable James Todd
US DISTRICT COURT